UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IRENE FIGUEROA OLVERA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:13-CV-558 |
| | § | |
| PRIMERICA LIFE INSURANCE | § | |
| COMPANY, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is the self-styled "Plaintiff's Opposed Motion to Abstain and Remand,"[1] filed by Irene Figueroa Olvera ("Plaintiff"). Primerica Life Insurance Company ("Defendant") and Sylvia Ficker ("Ms. Ficker") have filed a response.[2]

After considering the motion, response, record, and relevant authorities, the Court **DENIES** the motion to remand, finding Ms. Ficker improperly joined.

### I. Facts

On February 21, 2012, Juan Garza purchased life insurance from Defendant.[3] Ms. Ficker visited his home to fill out the initial application.[4] Subsequently, Mr. Garza died in a vehicle accident.[5] Defendant denied coverage and rescinded the policy in November 2012.[6] Plaintiff, Mr.

---

[1] Dkt. No. 4.

[2] Dkt. No. 5.

[3] Dkt. No. 1, Attach. 1 at p. 8.

[4] *Id.*

[5] *Id.*

[6] *Id.*

Garza's designated beneficiary, filed suit in County court on December 17, 2012,[7] but did not serve process on Ms. Ficker and Defendant until 12 and 13 September, 2013, respectively.[8] Defendant and Ms. Ficker timely removed on October 8, 2013.[9]

## II. Law of Improper Joinder

The Court does not have subject matter jurisdiction under 28 U.S.C. § 1332 unless the parties are completely diverse and the amount in controversy exceeds $75,000.[10] Here only diversity is at issue. The Court notes that "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[11] Moreover, the Fifth Circuit has described the doctrine of improper joinder as "a narrow exception to the rule of complete diversity, and the burden of persuasion on a party claiming improper joinder is a heavy one."[12] "[T]he Court must resolve all ambiguities of state law in favor of the non-removing party."[13]

When considering whether a party was improperly joined, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[14] The Court "determin[es] removal jurisdiction on the basis of claims in the state court complaint as it exists at the time of removal."[15] In conducting the 12(b)(6)-type analysis in the improper joinder

---

[7] Dkt. No. 1, Attach. 1 at p. 7.

[8] *Id.*, pp. 70, 76.

[9] Dkt. No. 1.

[10] 28 U.S.C. 1332(a).

[11] Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000) (citation omitted).

[12] Campbell v. Stone Ins., Inc., 509 F.3d 665, 669 (5th Cir. 2007) (internal quotation marks and citations omitted).

[13] *Id.*

[14] Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (citations omitted).

[15] Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995).

context, the Court evaluates the petition not under Federal Rule 12 in full, with its post-*Iqbal* and *Twombly* gloss,[16] but under the state-court pleading standards,[17] by which the pleading must state a cause of action and give fair notice of the relief sought.[18] The Supreme Court of Texas has stated:

> "In determining whether a cause of action was pled, plaintiff's pleadings must be adequate for the court to be able, from an examination of the plaintiff's pleadings alone, to ascertain with reasonable certainty and without resorting to information aliunde the elements of plaintiff's cause of action and the relief sought with sufficient information upon which to base a judgment."[19]

### III. Plaintiff's Allegations and Ms. Ficker

Plaintiff's original petition mentions Ms. Ficker precisely once: "Plaintiff had the initial application filled out by an agent, Defendant Sylvia Garcia Ficker, at Mr. Garza's home."[20] The petition then explains that Mr. Garza "allowed Defendants to obtain all medical records connected to his past treatment."[21] Here even if "Defendants" includes Ms. Ficker, an insurance agent is unlikely to analyze medical histories, and thus this statement does nothing to support a claim.

The petition next states that Mr. Garza changed his insurance company "based on the representations made be [sic] Defendants . . . Defendants have denied coverage and attempted to refund Mr. Garza's premium . . . ."[22] Here, a logical interpretation of Plaintiff's use of the word

---

[16] *See* Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009); Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1995 (2007).

[17] For Judge Rosenthal's thorough explanation of why the Court uses the state court pleading standards in the improper joinder context, see Edwea, Inc. v. Allstate Ins. Co., No. H-10-2970, 2010 WL 5099607 (S.D. Tex. Dec. 8, 2010).

[18] *Id. See also* TEX. R. CIV. P. 45 & 47.

[19] Stoner v. Thompson, 578 S.W.2d 679, 683 (Tex. 1979) (citation omitted).

[20] Dkt. No. 1, Attach. 1 at p. 8.

[21] *Id.*

[22] *Id.*

"Defendants" suggests that Defendant, not Ms. Ficker, made unspecified representations, then denied coverage.

Even if the Court did twist Plaintiff's petition to mean that Ms. Ficker also made representations, Plaintiff has not stated any facts giving notice of a resulting claim. Plaintiff has stated a straightforward breach of contract claim against Defendant based on denial of coverage, but as Defendant notes, "has not made a <u>single</u> factual allegation against [Ms.] Ficker in her Petition."[23] Thus, the Court cannot ascertain the elements of Plaintiff's cause of action against Ms. Ficker or the relief sought from her. The petition bears a striking resemblance to that in *Griggs*, since the Court "cannot say that [Plaintiff's] petition, which mentions [Ms. Ficker] once in passing, then fails to state any specific actionable conduct on her part whatsoever, meets even the liberalized requirements that permit notice pleading."[24]

Indeed, Plaintiff cinches this conclusion with her motion to remand. The entirety of Plaintiff's argument that the complaint alleges a cause of action against Ms. Ficker runs as follows: "Defendant Ficker is a properly joined Defendant as Plaintiff, in Plaintiff's First Complaint, asserts an individual claim, inter alia, of negligent representation of an insurance policy, which Defendants sold to Plaintiff's benefactor at his home, convincing him to switch from a previously purchased policy."[25] As the Court has just explained, it is far from clear that Plaintiff's Complaint asserts an individual claim against Ms. Ficker. More to the point, immediately after reciting the elements of negligent misrepresentation in Texas, Plaintiff fails to allege a single representation made by Ms. Ficker, to show how it was false, or to show that Ms.

---

[23] Dkt. No. 5 at p. 3, ¶2.

[24] Griggs v. State Farm Lloyds, 181 F.3d 694, 699 (5th Cir. 1999).

[25] Dkt. No. 4 at pp. 2-3.

Ficker failed to exercise reasonable care or competence in its communication.[26] It is a remarkable instance of missing the point.

### IV.     Holding

For the forgoing reasons, the Court finds Ms. Ficker improperly joined in this action, **DISMISSES** her from the case, and **DENIES** the motion to remand. IT IS SO ORDERED.

DONE this 13th day of December, 2013, in McAllen, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

---

[26] Brown and Brown of Texas v. Omni Metals, Inc. 317 S.W.3d 361 (Tex. App.-Houston [1st Dist.] 2010, rh'g overruled 2010).