O

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IRENE FIGUEROA OLVERA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:13-CV-558 |
| | § | |
| PRIMERICA LIFE INSURANCE | § | |
| COMPANY, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

The Court now considers the self-styled "Plaintiff's Opposed Motion for Leave to Join Defendant Sylvia Garcia Ficker Through the Filing of Plaintiff's First Amended Original Complaint,"[1] filed by Irene Figueroa Olvera ("Plaintiff"). Primerica Life Insurance Company ("Defendant") has responded.[2]

After considering the motion, response, record, and relevant authorities, the Court **DENIES** the motion.

### I. Case Background and Posture

As the Court has recounted in a previous order, on February 21, 2012, Juan Garza purchased life insurance from Defendant.[3] Ms. Ficker visited his home to fill out the initial application.[4] Subsequently, Mr. Garza died in a vehicle accident.[5] Defendant denied coverage and rescinded the policy in November 2012 on the basis that Mr. Garza had failed to disclose a

---

[1] Dkt. No. 10.
[2] Dkt. No. 11.
[3] Dkt. No. 1, Attach. 1 at p. 8.
[4] *Id.*
[5] *Id.*

pre-existing health condition.[6] Plaintiff, Mr. Garza's designated beneficiary, filed suit in County court on December 17, 2012,[7] but did not serve process on Ms. Ficker and Defendant until 12 and 13 September, 2013, respectively.[8] Defendant and Ms. Ficker timely removed to this Court on October 8, 2013.[9]

The Court subsequently denied Plaintiff's motion to remand and dismissed Ms. Ficker from the case,[10] finding her improperly joined because Plaintiff had not properly pled a claim under Texas law.[11] Acting within the timeline for joinder of parties set by the Court,[12] Plaintiff now seeks to join Ms. Ficker to the case once more by filing an amended complaint containing more specific allegations against her. Because Ms. Ficker is a Texas resident, the Court must explore the standards for joinder of a non-diverse defendant.

## II.     Relevant Legal Standards for Joinder of a Non-Diverse Defendant

The Court's previous dismissal of Ms. Ficker from the case has the consequence that adding her to the case requires joinder, not mere amendment of the complaint.[13] The joinder of Ms. Ficker in this case would destroy the Court's diversity jurisdiction and require remand.[14] Thus, as acknowledged by Plaintiff in the title of this motion and by Defendant in its response, the lenient standards for amending a complaint under Federal Rule of Civil Procedure 15 are supplanted here by the more stringent standards of § 1447(e).[15]

---

[6] *Id.*
[7] Dkt. No. 1, Attach. 1 at p. 7.
[8] *Id.*, pp. 70, 76.
[9] Dkt. No. 1.
[10] Dkt. No. 5.
[11] Dkt. No. 8.
[12] Dkt. No. 9.
[13] To treat joinder as a mere amended pleading would nullify the Court's order dismissing Ms. Ficker.
[14] *See* Cobb v. Delta Exports, Inc., 186 F.3d 675, 677 (5th Cir. 1999) (finding that "post-removal joinder of non-diverse defendants pursuant to FED. R. CIV. P. 19 destroys diversity for jurisdictional purposes and requires remand, even when the newly joined defendants are not indispensable.").
[15] 28 U.S.C 1447(e).

O

Section 1447(e) states, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

In its canonical decision on whether joinder should be permitted or denied under §1447(e), *Hensgens v. Deere & Co.*, the Fifth Circuit set out four factors to guide district courts: whether "the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities."[16]

The *Hensgens* factors were tailored for cases in which the proposed non-diverse party had never been a party to the case, but also apply to cases in which the non-diverse party was previously joined, as here. Having set out the four factors relevant to a decision on joinder of a diversity-destroying party, the Court turns to the motion itself.

### III.    This Motion and the Relevant Legal Standards

*Purpose of the Amendment*

The first *Hensgens* factor is the touchstone of the inquiry. Post-removal joinder of a diversity-destroying defendant raises suspicion that a party is gaming federal jurisdiction. The other factors, while important in their own right, aid the Court in discerning the purpose of the amendment.

Here, both of Plaintiff's petitions name Ms. Ficker as a defendant, which might indicate that Plaintiff always intended to plead a claim against her and does not do so now merely to defeat federal jurisdiction. However, while Plaintiff's claim against Ms. Ficker is not new to the case, Plaintiff's factual allegations against her are. When dismissing Ms. Ficker from the case,

---

[16] Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987). *See also* Priester v. JP Morgan Chase Bank, N.A., 708 F.3d 667, 679 (5th Cir. 2013).

O

the Court observed that Plaintiff's pleadings failed even the lenient standard of Texas notice pleading.[17] Plaintiff did not bother with more than a *pro forma* pleading until removal to federal jurisdiction. Plaintiff's sudden burning desire to include key factual allegations against Ms. Ficker displays an intent to defeat federal jurisdiction. The Court finds the amendment intended, at least in part, to avoid federal jurisdiction.

*Diligence in Seeking to Amend*

The second *Hensgens* factor follows logically from the first. If little time has elapsed since the beginning of the suit and the proposed joinder, then the plaintiff may have discovered a claim in the usual course of developing the case. If a great length of time has elapsed, then the plaintiff probably has invented the claim to avoid federal jurisdiction.

A brief review of relevant filings will aid the Court's inquiry. As noted above, Plaintiff filed her "Plaintiff's Original Petition" on December 17, 2012.[18] Plaintiff filed her "Plaintiff's First Amended Original Petition" in County Court at Law No. 1 of Hidalgo County on August 30, 2013.[19] A little over a week later, on October 8, 2013,[20] Defendant removed to this Court. Plaintiff filed a motion to remand on October 29, 2013.[21] The Court denied this motion on December 13, 2013.[22] Plaintiff then sought leave to amend on December 24, 2013.[23]

Thus, the record reflects that despite filing two separate petitions, Plaintiff neglected to put in more than a token effort at alleging specific facts against Ms. Ficker until removal to federal court. Since removal, Plaintiff has consistently attempted to defend the claim against Ms. Ficker: Plaintiff relied on her claim against Ms. Ficker when she moved for remand only three

---

[17] Dkt. No. 8 at p. 4.
[18] *See supra* note 7, at 2.
[19] Dkt. No. 11, Attach. 1 at p. 27.
[20] *See supra* note 9, at 2.
[21] Dkt. No. 4.
[22] Dkt. No. 8.
[23] Dkt. No. 10.

O

weeks after removal, and Plaintiff re-urges her claim only 11 days after the Court denied her motion to remand. But this is too little, too late. Plaintiff did not pursue her claim against Ms. Ficker until after removal, nearly a year into litigation. The pleadings as they stood at the time of removal determined the Court's jurisdiction. A burst of motivation will not re-open the window to plead a viable claim.

*Prejudice to Plaintiff*

The third factor aids the Court in discerning whether the plaintiff has a legitimate claim. Significant prejudice to the plaintiff's complaint in the absence of the non-diverse defendant indicates a genuine need and desire to assert a claim.

That is not the case here. In the version of the complaint Plaintiff seeks to add, Plaintiff alleges deceptive trade practices in violation of the Texas Insurance Code and of the Business and Commerce Code, fraud, negligence, negligent misrepresentation, and breach of contract.[24] Plaintiff alleges Defendant is liable for all of Ms. Ficker's acts.[25] As remedy, Plaintiff seeks economic damages, damages for mental anguish, multiple damages under the Texas Business and Commerce Code, a declaratory judgment, and attorney's fees.[26] Each cause of action and each category of damages will remain without the claim against Ms. Ficker. Ms. Ficker does not appear essential to any part of the complaint, and Plaintiff could recover for all claimed causes of action and damages without Ms. Ficker. Thus, Ms. Ficker's absence from the case does not appear to prejudice Plaintiff significantly, if at all.

Moreover, the proposed complaint's most significant change with regard to Ms. Ficker is a factual allegation that Ms. Ficker told Mr. Garza that "respiratory problems" were those "that

---

[24] Dkt. No. 10, Attach. 1 at pp. 3-9.
[25] *Id.* at p. 9.
[26] *Id.* at pp. 9-11.

required assisted breathing, like what is provided by an inhaler."[27] Though Plaintiff does not clarify this allegation's legal import, perhaps Plaintiff meant to allege that Ms. Ficker represented that Mr. Garza did not need to list sleep apnea as a respiratory problem. Yet Plaintiff does not explain how this evidence would aid her case, or whether she believes the evidence could still aid her case without Ms. Ficker as a named defendant. Since Plaintiff alleges Defendant bears liability for all its agent's acts, there is no reason to think the evidence cannot enter the case. The Court concludes that Ms. Ficker's absence from the case will not prejudice Plaintiff significantly.

Plaintiff's own motion to amend bolsters this conclusion. To support her motion to join Ms. Ficker, Plaintiff offers only that the complaint as amended would state a claim: "Defendant Ficker is a properly joined Defendant as Plaintiff, in Plaintiff's First Amended Original Complaint, asserts an individual claim, inter alia, of negligent representation of an insurance policy . . . ."[28] Of course, the fact that Plaintiff *could* state a claim against Ms. Ficker neither affects one of the *Hensgens* factors, nor even makes an argument on its own terms. The very inadequacy of Plaintiff's proffered reason for amendment indicates that Plaintiff would suffer little prejudice without Ms. Ficker as a defendant. A party facing potential prejudice likely will point this out, and at any rate bears responsibility for doing so.

*Other Equitable Factors*

The final *Hensgens* factor allows the Court to include a variety of circumstances in its analysis as the Court exercises its discretion to manage the case. However, the Court has noticed no equitable factors bearing either for or against joinder. This category does not support joinder either.

---

[27] Dkt. No. 10, Attach. 1 at p. 3, ¶1.
[28] Dkt. No. 10 at p. 2, ¶1.

O

### IV.  Holding

The Court finds the joinder at least partly intended to defeat federal jurisdiction, finds Plaintiff acted tardily in alleging specific facts against Ms. Ficker, sees no prejudice to Plaintiff in Ms. Ficker's absence, and finds no equitable consideration weighing in favor of granting joinder. The *Hensgens* analysis, though somewhat equivocal, ultimately guides the Court to deny joinder. The Court **DENIES** the motion to join Ms. Ficker as a defendant.

IT IS SO ORDERED.

DONE this 21st day of January, 2014 in McAllen, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE